JOHN SWEET, ADMINISTRATOR, AND HANNAH W. EDDY, ADMINISTRATRIX OF THEODORE A. EDDY, DECEASED, RESPONDENTS, *v.* JAMES E. LOW, APPELLANT.

*Evidence — Code of Civil Procedure, sec. 829 — a party only precluded from testifying as to personal transaction with the deceased, when the representatives of the latter have given no evidence on that subject — he may give evidence tending to contradict the evidence of the personal representatives, though it may relate to a personal transaction with the deceased.*

APPEAL by the defendant from a judgment in favor of the plaintiffs, entered upon a verdict rendered in their favor at the Otsego Circuit, on the 17th day of May, 1882.

The action was brought upon a note for $150, alleged to have been given by the appellant James E. Low to Theodore A. Eddy, since deceased, bearing date October 24, 1864, and payable one day after date with interest.

The plaintiff, John Sweet, was sworn in his own behalf **and** that of his coplaintiff; upon the trial, and testified that after the death of the intestate Theodore A. Eddy, he had found among his assets a note purporting to have been made by the defendant for the amount and of the date above stated. That he had possession of that note several years, and had read it over a great many times,

and that the same was lost with other papers in a bill book in March, 1871. That he knew the handwriting of the defendant, and in his opinion the signature to the note was in the handwriting of the defendant.

The other plaintiff, Hannah W. Eddy, also testified to the finding of the note among the papers of the deceased after his death, and that she was acquainted with the handwriting of the defendant, and that the signature of the maker of such note was the handwriting of such defendant.

The defendant was then called and examined in his own behalf; and he was asked the question whether or not he ever gave to Dr. Eddy, the deceased intestate, a note of the description testified to by the plaintiffs. This was objected to on the part of the plaintiffs upon the ground that it was incompetent under section 829 of the Code, and upon such objection the offer of testimony was overruled and the defendant excepted.

The court at General Term said: "We think that the learned judge at the trial erred, for two reasons:

"*First.* By section 829 of the Code of Civil Procedure, the defendant was only precluded from giving evidence concerning a transaction had with the deceased, provided the plaintiffs had not given evidence 'concerning the same transaction or communication.'

"To make the evidence of the defendant proper under section 829, it was not necessary that the plaintiffs should have detailed a transaction or communication between the deceased and the defendant, which occurred in their presence, and of which occurrence their evidence was claimed to be a true history. If they gave any evidence which *concerned* the transaction between the deceased and the defendant, they then gave such evidence as would allow the defendant to give in his own behalf testimony '*concerning* the same transaction or communication.' A witness who gives testimony either of a subsequent conversation or transaction which tends to show what a prior transaction or communication was, really gives evidence 'concerning' such prior transaction. The plaintiffs in this case when they testified that they had found among the papers of the deceased a promissory note made by the defendant and payable to the deceased, gave evidence 'concerning' a transaction between the defendant and such deceased (*Markell* v.

*Benson,* 55 How., 360, sce page 363); and, therefore, the defendant was at liberty to prove that he had given no note to the deceased, as the plaintiffs had by their evidence attempted to show.

" *Second.* If, however, it can be held that the plaintiffs gave no evidence concerning a transaction between the defendant and the deceased, because they did not undertake to give their version of a transaction between such persons, which they had personally witnessed, then the offer of the defendant to prove that he had never given such a note as the plaintiffs pretended to have found, was proper to contradict the evidence given by the plaintiffs. By their testimony in their own behalf, the plaintiffs had endeavored to satisfy the jury that they had found among the papers of the deceased a note made by the defendant and delivered to their intestate. If it was proper for the plaintiffs to give such testimony, and of its propriety there is no doubt, then it was equally competent for the defendant to contradict such evidence by showing that he had never given such a note as the plaintiffs claimed to have found, and to have been possessed of; and such evidence, which would have been clearly in contradiction of that given by the plaintiffs, should not have been excluded upon the ground that it also tended to disprove a personal transaction which the plaintiffs claimed must have occurred between the deceased and the defendant."

*James A. Lynes,* for the appellant.

*Charles A. Sweet,* for the respondents.

Opinion by WESTBROOK, J.

Present — LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Judgment reversed and new trial granted, costs to abide event.